# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
RANDOLPH H. GOLDBERG, BAR NO.
5970.

No. 71070

**FILED**

DEC 2 1 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a modified conditional guilty plea agreement in exchange for a stated form of discipline for attorney Randolph Goldberg.

Under the conditional guilty plea agreement, Goldberg admits to multiple violations of RPC 1.1 (competence), RPC 1.2 (scope of representation), RPC 1.2 (scope of representation and allocation of authority between client and lawyer), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 3.1 (meritorious claims and contentions), RPC 3.3 (candor toward the tribunal), and RPC 5.3 (responsibilities regarding nonlawyer assistants). These violations related to Goldberg's representation of numerous bankruptcy clients between 2006 and 2009. The record before this court demonstrates that clients retaining Goldberg for assistance with their bankruptcy filings were asked to fill out a personal information packet on a computer at Goldberg's office without being informed that the packet served as their credit counseling class and then the clients were confused when a certificate of completion of the class was filed with the bankruptcy court. Additionally, clients were often referred to Goldberg's paralegal for

SUPREME COURT
OF
NEVADA

(O) 1947A

16-39776

assistance and many clients believed the paralegal was an attorney based on the advice he provided, Goldberg's introduction of him, and the paralegal's appearance at creditor meetings. In addition to the above described violations, Goldberg admitted to violating RPC 8.4(b) (misconduct: commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer) as a result of his 2013 felony conviction for federal income tax evasion.

The stated form of discipline in the conditional guilty plea agreement provides for a four-year-and-nine-month suspension retroactive to April 25, 2013, the date of Goldberg's temporary suspension. Further, Goldberg is required to (1) have a mentor for two years upon his reinstatement, (2) complete 12 hours of CLE credits in office management and an additional 3 CLE credits in ethics, (3) pay a $5,000 fine, and (4) pay the costs of the disciplinary proceedings. In support of its recommendation, the panel found three mitigating factors–full and free disclosure to the disciplinary authority or cooperative attitude toward the proceeding, delay in disciplinary proceedings, and imposition of other penalties or sanctions–and seven aggravating factors: (1) prior disciplinary offenses, (2) pattern of misconduct, (3) multiple offenses, (4) refusal to acknowledge the wrongful nature of conduct, (5) vulnerability of victims, (6) substantial experience in the practice of law, and (7) illegal conduct. *See* SCR 102.5.

We conclude that the discipline outlined in the conditional guilty plea agreement protects the public, the courts, and the legal profession in consideration of Goldberg's admitted conduct and the aggravating and mitigating factors. *See* SCR 105(3)(b) (providing that this court's review of recommended discipline is de novo); *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (noting purpose

of attorney discipline); *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (explaining that this court weighs four factors in determining discipline: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors"). Accordingly, we approve the conditional guilty plea agreement and suspend Goldberg from the practice of law for four years and nine months retroactive to April 25, 2013. Goldberg must complete 12 hours of CLE credits in office management and an additional 3 hours of CLE credits in ethics, pay a $5,000 fine, and pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries. Upon his reinstatement, Goldberg must have a mentor for two years who has a minimum of ten years of general practice experience. The parties shall comply with the applicable provisions of SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Pickering

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Stiglich

cc: Chair, Southern Nevada Disciplinary Board
Michael J. Warhola, LLC
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court